a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON JONES #05106-707,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00599<br>SEC P |
| VERSUS | JUDGE DRELL |
| WILLIAM P JOHNSON ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Brandon Jones ("Jones") under *Bivens*[1] and 42 U.S.C. § 1983. ECF No. 1. Jones is an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. He seeks damages for being classified as a sex offender by the BOP.

Because Jones fails to state a constitutional claim against any of the Defendants, his *Bivens* and § 1983 Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE. To the extent Jones seeks damages under the Federal Tort Claims Act ("FTCA"), his claim should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

I.     Background

Jones alleges that he has been improperly classified and housed as a sex offender. ECF No. 1. Jones is serving a 360-month sentence for kidnapping imposed in the United States District Court for the District of New Mexico. *United States v. Jones*, 753 F. App'x 627, 628 (10th Cir. 2018).

The Pre-Sentence Report ("PSR") mentioned that Jones told the victim he "should just shoot him, or maybe rape him." ECF No 1-3 at 1-5; *Jones*, 1:11-CR-02994 (D. N.M.), ECF No. 308 at 7. Because of that comment, the BOP classified Jones as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006. 18 U.S.C. § 4248 ("the Walsh Act"). ECF No. 1-3 at 1-4.

Jones's attorney objected to that portion of the PSR and argued that the classification interfered with Jones's "efforts to rehabilitate and has caused innumerable problems because it has kept him out of programs, and it has kept him in certain of the BOP institutions. He's classified as a sexual predator. He's placed in with sexual predators, with other inmates who have raped and caused sexual abuse to children." ECF No. 1-3 at 1-5; *Jones*, 1:11-CR-02994, ECF No. 308 at 8-9.

The judge sustained the objection and noted in an amended judgment:

> The Court finds nothing in the defendant's history or characteristics that indicate he should be incarcerated as a sex offender. Furthermore, having to comply with any sex offender conditions. Therefore, the Court strongly recommends that its findings be taken into consideration and the defendant not be classified as a sex offender, nor be housed with sex offenders.

*Id.*, ECF No. 297 at 2. Despite the new judgment, Jones alleges that his designation as a sex offender was not removed.

Jones sought to have the designation corrected through a § 2241 petition. *Jones v. Warden of USP Lee*, 7:20-CV-00370, 2021 WL 4172931, at *1 (W.D. Va. Sept. 14, 2021). The Government moved to dismiss, arguing that the relief sought was not available under § 2241; the claim was unexhausted; and the claim should be brought against the BOP under the civil remedy provision of the Privacy Act, 5 U.S.C. § 522a(g)(1). ECF No. 1-3 at 6-14; *Jones*, 7:20-CV-370 (W.D. Va.), ECF No. 19. Nonetheless, the Government asserted that, after Jones filed the § 2241 petition, "the BOP reviewed his Walsh Act assignment, determined a change was appropriate, and updated his Inmate Profile to reflect 'No Walsh Act Offense History.'" ECF No. 1-3 at 6-14. The court granted the Government's motion to dismiss the § 2241 petition, noting that Jones could bring a claim under the Privacy Act after exhausting administrative relief. *See Jones*, 2021 WL 4172931, at *2.

Jones then filed a Complaint in this Court under the Privacy Act. *Jones v. Bureau of Prisons*, 1:22-CV-597, ECF No. 1. It has been recommended that the Complaint be dismissed without prejudice for lack of exhaustion. *Id.* at ECF No. 8.

In his Complaint, Jones names as Defendants Judge Johnson, Assistant United States Attorneys Charles Barth and William Pflugrath, Special Assistant United States Attorney Adam Rowley, Public Defenders Kenneth Gleria and Jason Bowles, and Probation Officer Teressa-Ray Pena. ECF No. 1 at 2-3.

## II. Law and Analysis

### A. Jones's Complaint is subject to preliminary screening.

Jones is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, Jones's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Jones's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Jones fails to state a claim against the Defendants under *Bivens*.

Judge Johnson is immune from suit. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) ("Judicial immunity is an immunity from suit, not just the ultimate assessment of damages.") (citing *Mireles v. Waco*, 112 S.Ct. 286, 288 (1991); *Butcher v. Guthrie*, 332 F. App'x 161, 161–62 (5th Cir. 2009) (federal judges accused of mishandling prior lawsuit were absolutely immune from claims under FTCA and *Bivens*).

There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken

in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* Jones does not allege any actions were taken by Judge Johnson outside of his judicial capacity or without jurisdiction.

Prosecutors are also entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Jones does not allege any intentional conduct by any of the prosecutors, nor any unconstitutional conduct by them. At the sentencing, the prosecutors acknowledged that no one in the U.S. Attorney's office asked or intended that Jones be labeled a sex offender. *See Jones v. Bureau of Prisons*, 1:22-CV-597 (W.D. La.), ECF No. 1-3 at 4. Thus, Jones fails to state a claim against Defendants Barth, Pflugrath, and Rowley.

Jones names his public defenders as Defendants, but he does not allege that they committed any constitutional violation. Regardless, public defenders do not act under "color of federal law" when representing indigent defendants in state or federal court. *See Hernandez v. Castillo*, 5:21-CV-00083, 2022 WL 903748, at *2 (S.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 902632 (S.D. Tex. 2022).[2] Therefore, the Complaint fails to state a claim against Defendants Gleria and Bowles.

---

[2] Citing *Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act under color of state law under § 1983 when performing the traditional functions of counsel to a criminal defendant); *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("even though paid by the government, [public defender] did not act under color of federal law for purposes of *Bivens* where he was performing traditional functions of counsel"); *Richards v. Flynn*, 263 Fed. App'x 496 (7th Cir. 2008) (affirming sua sponte dismissal of *Bivens* action against assistant federal public defender); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender

Finally, Jones names Probation Officer Teressa-Ray Pena as a Defendant but provides no factual allegations implicating her of violating his constitutional rights. Although the probation officer prepared the PSR recounting the victim's statement that Jones said he "should just shoot him, or maybe rape him," the probation officer does not work for the BOP and is not responsible for Jones's classification. *Jones,* 1:22-CV-597, ECF No. 1-3 at 1-5; *Jones*, 1:11-CR-02994 (D. N.M.), ECF No. 308 at 7. Regardless, "[i]n the Fifth Circuit, when federal probation officers prepare and submit a presentence report in a criminal case, because the report is an integral part of the sentencing process and because the officer is acting under the court's direction, they are protected by absolute immunity. See *Sailsbury v. Yaege*, 04-CV-146, 2006 WL 8444927, at *5 (S.D. Tex. 2006) (citing *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979)).

## C.  Jones fails to state a claim under § 1983.

Jones also seeks relief under § 1983. However, § 1983 does not provide a cause of action against federal officials acting under color of federal law. *Roots v. Callahan*, 475 F.2d 751, 752 (5th Cir. 1973). None of the Defendants are state actors.

---

does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); *Allred v. McCaughey*, 257 F. App'x 91, 92-93 (10th Cir. 2007); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action"); *Bradford v. Shankman*, 772 F.2d 905 (6th Cir. 1985) ("a private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action"); *Davis v. Van Hook*, No. 5:13-3277, 2014 WL 1248291, 2014 U.S. Dist. LEXIS 41400 (W.D. La. 2014); *Sistrunk v. Breedy*, 2011 U.S. Dist. LEXIS 80177, 2011 WL 2976471, n.6 (E.D. La. 2011) ("a federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of Bivens").

D. <u>Jones has not exhausted his remedy under the FTCA.</u>

Jones attached a copy of a federal tort claim form to his *Bivens* and § 1983 Complaints. The form is dated February 2022, and Jones does not allege that it has been reviewed or that he received a final denial from the Department of Justice. Exhaustion of a claim under the FTCA is jurisdictional. *McNeil v. United States*, 508 U.S. 106, 112 (1993). Since Jones has not established exhaustion, the Court lacks jurisdiction under the FTCA.

III. <u>Conclusion</u>

Because Jones fails to state a constitutional claim against any of the Defendants, IT IS RECOMMENDED that his *Bivens* and § 1983 Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915 and § 1915A. IT IS FURTHER RECOMMENDED that, to the extent he seeks relief under the FTCA, his claim be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 23, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE